UNITED STATES of America,
Plaintiff—Appellee,

v.

Sadie Yvonne COLEMAN, Defendant—
Appellant.

No. 02–30424.

D.C. No. CR–01–00309–1–BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2003.

Decided Dec. 8, 2003.

Bruce F. Miyake, Andrew C. Friedman, USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Nancy L. Talner, Seattle, WA, for Defendant–Appellant.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM *

Defendant Sadie Yvonne Coleman timely appeals her conviction and sentence for identity theft, fraud, conspiracy, and related crimes. We affirm.

1. Assuming, without deciding, that the "protective sweep" by the arresting officers constituted an illegal search, the later-issued search warrant was valid. The affidavit still easily established probable cause even after the minimal information acquired at the time of arrest (envelopes on the kitchen table bore Defendant's

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

name and address) is removed. *See United States v. Driver*, 776 F.2d 807, 812 (9th Cir.1985) (describing method of analysis). Defendant's residence at the premises to be searched was established by numerous other, independent, earlier-acquired facts, including surveillance and information from government agencies. Accordingly, the district court did not err in denying the motion to suppress.

█ 2. No "multiple-conspiracy" instruction was required. Defendant introduced evidence suggesting that her co-conspirators had committed other crimes and engaged in conspiracies with each other or with third parties to defraud people. That evidence may have cast doubt on the credibility of the co-conspirators, but the other crimes were not related to the single charged conspiracy. In that circumstance, merely demonstrating that co-conspirators are criminals in other respects does not mandate a "multiple-conspiracy" instruction. *See United States v. Croft*, 124 F.3d 1109 (9th Cir.1997) (upholding denial of a defendant's request for a multiple-conspiracy instruction).

3. The district court did not abuse its discretion in restricting the cross-examination of witness Ireland. The episodes about which Defendant wished to ask occurred after Ireland withdrew from the conspiracy charged in the indictment and thus were not directly relevant. Moreover, the jury heard other evidence about Ireland's criminal activities and thus the error, if any, in restricting cross-examination about more crimes did not prejudice Defendant.

█ 4. The district court did not abuse its discretion in applying a two-level enhancement for "sophisticated means" under U.S.S.G. § 2F1.1(b)(6)(C) (2001). Defendant used a wide variety of false forms, including blank marriage and birth certificates, blank W–2 forms, and notary stamps, to create fake identities. She repeatedly traveled from Washington to Oregon to take advantage of a rule that required only a middle initial (rather than a full middle name) to obtain official identification, in order to match fake identities with real victims. She set up a complex two-bank scheme that allowed her and her co-conspirators to overdraw accounts by huge amounts by taking advantage of weaknesses in bank security at the chosen institutions. The district court permissibly concluded that these and Defendant's other methods showed a level of sophistication well beyond the usual identity theft.

5. The district court did not err in calculating the amount of loss. Defendant agrees that the government had established a loss of about $465,000 as of the date of trial. Based on further investigation, the government presented evidence at the time of the sentencing to show that the actual loss was about $503,000. The presentence report came to the same conclusion. The amount of loss was shown by a preponderance of the evidence. *See United States v. Fine*, 975 F.2d 596, 601 (9th Cir.1992) (en banc) (stating standard of proof).

AFFIRMED.